**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DEONDRAI ALLON TIPPINS,

       *Petitioner,*

*v.*

UNITED STATES OF AMERICA,

       *Respondent.*

_____/

CRIM. CASE NO: 13-cr-20602
CIV. CASE NO.: 1:17-cv-10846
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITIONER'S 28 U.S.C. § 2255 MOTION**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 72)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

## II.    REPORT

### A.    Introduction

Petitioner Deondrai Tippins's 28 U.S.C. § 2255 motion to vacate his prison sentence (Mot. to Vacate, Doc. 72), is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (Doc. 74.)

On September 26, 2014, Petitioner Deondrai Tippins ("Petitioner" or "Tippins") was found guilty on four of the five counts charged in the third superseding indictment, i.e., distribution of cocaine (Counts 1, 3), knowingly carrying a firearm during and in relation to a drug trafficking crime, i.e., during the commission of Count 3 (Count 4), and of felon in possession of a firearm (Count 5). (Doc. 45.) He was found not guilty of knowingly carrying a firearm during and in relation to a drug trafficking crime, i.e., during the commission of Count 1 (Count 2). (*Id*.) An

amended judgment filed on April 7, 2015, sentenced Petitioner to 187 months on Counts 1,3, and

5 concurrent, and 60 months on Count 4 to be served consecutively to the sentence on Counts 1,3,

and 5. (Doc. 59 at ID 687.)

On appeal, Petitioner raised two issues: (1) whether the district court erred in refusing to

dismiss the third superseding indictment for vindictive prosecution and (2) whether the district

court erred in applying the enhancement forn maintaining a premises for drug distribution under

the sentencing guidelines. (Doc. 63.) The Sixth Circuit affirmed the district court.

On March 14, 2017, Petitioner filed the instant motion to vacate his sentence pursuant to

28 U.S.C. § 2255 (Doc. 72). For the reasons described below, I recommend denying Petitioner's

motion.

## B.     Standard of Review

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of

constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea

or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting

*Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally

outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir.

2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by

establishing a "fundamental defect which inherently results in a complete miscarriage of justice,

or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*,

165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.

1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir.

2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

### C.     Analysis and Conclusions

The petition raises two grounds for relief: (1) ineffective assistance of trial counsel for failing to acknowledge and argue precedent of this Circuit regarding 18 U.S.C. §924(c) ; and (2) ineffective assistance of trial counsel "by allowing the government to withhold exculpatory evidence..." when counsel did not object to the government not playing the entire recording of one

of his recorded jail calls because in the latter part of the conversation Petitioner stated he merely "got caught getting high." (Doc. 72.)

As to his first ground, Petitioner contends that conviction under 924(c) requires use not merely possession, and that most people "understand that possession is the same as carrying, because to carry something it got to be possessed." (Doc. 72 at ID 732-33.) It appears that Petitioner is claiming that the indictment (and corresponding verdict form) erroneously conflated use, carrying and possession. 18 U.S.C. §924(c) states, "any person who, during and in relation to any crime of violence or drug trafficking crime...uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime iof violence or drug trafficking crime (i) be sentenced to a term of imprisonment of not less than 5 years..." The punishment increases if the firearm is brandished, and increased further if the firearm is discharged. *Id.* Petitioner was convicted of "carrying a firearm during and in relation to a drug trafficking offense" (Count 4) under 18 U.S.C. § 924(c). (Doc. 45.)

The statute penalizes all three actions: use, carrying, or possession. To the extent that Petitioner claims there may have been confusion on the part of the jury, I suggest there could be none since the third superseding indictment was consistent with the jury verdict form in charging carrying a firearm during and in relation to a drug trafficking crime. Therefore, neither the indictment nor the jury verdict form combined or confused the statutory provisions or the particulars of the charge.

As to Petitioner's claims that his attorney did not sufficiently argue to the jury that he did not carry a gun to protect the drugs (or during and in relation to the drug trafficking), his attorney did argue that there was no connection between the guns and protecting or relating to drug

trafficking, and his argument was successful as to Count 2 since Petitioner was acquitted on that count. (Doc. 56 at 342, 347-49; Doc. 58 at 646-60.) Simply because counsel's argument was not successful as to Count 4, counsel was not ineffective. *Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court.").

Petitioner also contends that his attorney should have "sat down with him to show [him] the definition of or legal meaning behind 924(c)" but instead that counsel's "'best advice was [to] take the plea and hope the judge have mercy on [him].'" (Doc. 72 at ID 729.) Petitioner also states, under ground two, that "the only reason Petitioner turned down the plea agreement is because the attorney never went into details about the plea agreement, he only explain that i[t] would be in my best interest..." (Doc. 72 at ID 736.) Petitioner clearly states that he was advised to take the plea offer and thus, cannot now complain that any failure to take any plea offer was the fault of anyone but himself. In addition, at the final pretrial conference, Petitioner was advised of the risks and consequences of trial versus plea offers and he knowingly chose to proceed to trial. (Doc. 55 at 299-318.) Accordingly, Petitioner's argument as to this ground fails to show that counsel's performance was in any way deficient nor has he shown any potential prejudice.

As to petitioner's second ground, that counsel was ineffective for failing to require the court play the entire recorded phone call he made from the jail because toward the end of the call he stated that he merely "got caught getting high[,]" this argument also fails since a review of the record reveals that the recording played at trial did not exclude that statement. (Doc. 57 at ID 540-43.) In addition, counsel cross-examined a government witness attempting to show that Petitioner was a user rather than a distributor (Doc. 57 at 557) and counsel argued the same in his closing

argument. (Doc. 58 at 657.) I therefore suggest that counsel once again was zealous, that Petitioner

has not alleged prejudice and thus, that the motion be denied on this ground as well.

### D.     Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for

establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348

F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual

dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the

petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted

as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation

omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I

therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

**E.    Conclusion**

For the reasons set forth above, I recommend that the Court deny Petitioner's motion to vacate sentence in its entirety.

## III.    <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.

If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 1, 2017                    S/ PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge


**<u>CERTIFICATION</u>**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Deondrai Allon Tippins #48910039 at Terre Haute Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808.

Date: August 1, 2017                     By s/Kristen Castaneda
                                         Case Manager