UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEONDRAI ALLON TIPPINS

        *Petitioner*,        Crim. Case No. 13-cr-20602
                                                     Civ. Case No. 17-cv-10846

v.                                                      Honorable Thomas L. Ludington
                                                       Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        *Respondent*.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO VACATE SENTENCE

On September 26, 2014, Petitioner Deondrai Tippins ("Petitioner" or "Tippins") was found guilty on four of the five counts charged in the third superseding indictment, i.e., distribution of cocaine (Counts 1, 3), knowingly carrying a firearm during and in relation to a drug trafficking crime, i.e., during the commission of Count 3 (Count 4), and of felon in possession of a firearm (Count 5). ECF No. 45. He was found not guilty of knowingly carrying a firearm during and in relation to a drug trafficking crime, i.e., during the commission of Count 1 (Count 2). *Id.* An amended judgment filed on April 7, 2015, sentenced Petitioner to 187 months on Counts 1, 3, and 5 concurrent, and 60 months on Count 4 to be served consecutively to the sentence on Counts 1, 3, and 5. ECF No. 59 at 687. On appeal, Petitioner raised two issues: (1) whether the district court erred in refusing to dismiss the third superseding indictment for vindictive prosecution and (2) whether the district court erred in applying the enhancement for maintaining a premises for drug distribution under the sentencing guidelines. ECF No. 63. The

Sixth Circuit affirmed the district court. On March 14, 2017, Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 72.

On August 1, 2017, Magistrate Judge Patricia T. Morris issued a Report and Recommendation recommending that this Court deny Petitioner's Motion to Vacate. ECF No. 78. Petitioner served his objections on August 14, 2017. ECF No. 79. Because Petitioner simply restates the arguments contained in his Motion to Vacate, his objections do not trigger de novo review under the Magistrate's Act. The objections will be overruled, and the Motion to Vacate will be denied.

## I.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the

arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

Petitioner's objections do not specifically mention or challenge any aspect of Judge Morris's opinion. Rather, petitioner asserts the same two grounds for relief in his objections to the report and recommendation as he did in his motion to vacate: (1) ineffective assistance of trial counsel for failing to acknowledge and argue precedent of this Circuit regarding 18 U.S.C. §924(c); and (2) ineffective assistance of trial counsel for failing to object to the playing of his recorded conversation which he believes omitted the second half of his statement.

Petitioner appeared to argue in his Motion to Vacate that the indictment and/or the jury verdict form confused and conflated "use", "carrying", and "possession" under 18 U.S.C. § 924(c). Mot. to Vacate at 32–33, ECF No. 72. Petitioner's first objection to Judge Morris's report and recommendation begins as follows: "[o]nce again, Petitioner contends that his attorney failed to explain the government's burden to prove that [he] "used" or "carried" a firearm during and in relation to a drug trafficking offense." Obj. at 1, ECF No. 79. Petitioner's argument takes a slightly different form in his objections, focusing on his counsel's alleged failure to articulate the

burden of proof. *Id.* Nevertheless, the argument is essentially the same, and was rejected by Judge Morris:

> To the extent that Petitioner claims there may have been confusion on the part of the jury, I suggest there could be none since the third superseding indictment was consistent with the jury verdict form in charging carrying a firearm during and in relation to a drug trafficking crime. Therefore, neither the indictment nor the jury verdict form combined or confused the statutory provisions or the particulars of the charge.

Rep. & Rec. at 5, ECF No. 78. Petitioner does not specifically identify an error in Judge Morris's report, and simply restates the same argument raised in his Motion to Vacate. Accordingly, the objection will be overruled.

Petitioner's Motion to Vacate also asserted that his counsel erred by failing to object to the playing of a recorded phone call he made from the jail, which he believes omitted his statement that he merely "got caught getting high." Rep. & Rec. at 6, ECF No. 78. Judge Morris rejected this argument, explaining that "a review of the record reveals that the recording played at trial did not exclude that statement." *Id.* (citing ECF No. 57 at 540-43). Petitioner's second objection reads as follows: "[p]etitioner states and says again if the courts' play the whole recorded tape, the court would find out that the government only allowed what they wanted the jury to hear . . ." Obj. at 3. Thus, petitioner re-asserts his incorrect belief that his exculpatory statement was not played for the jury. Accordingly, the objection will be overruled.

A review of Judge Morris's report and recommendation reveals that she thoughtfully addressed both of Petitioner's arguments in detail. He does not specifically object to any aspect of her report, but simply reasserts the same two arguments. Thus, his objections do not trigger de novo review under the Magistrate's Act.

**III.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 79, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 78, is **ADOPTED.**

It is further **ORDERED** that Petitioner's Motion to Vacate, ECF No. 72, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 14, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2017.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager